# Staunton

## CITY OF NORFOLK V. SALLIE B. HOLLAND.

September 20, 1934.

Present, Campbell, C. J., and Holt, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*R. W. Shultice, John N. Sebrell* and *Jonathan W. Old, Jr.,* for the plaintiff in error.

*R. D. Holland,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

The defendant in error, Sallie B. Holland, is and was the owner of fifteen and one-half acres of land in the city of Norfolk. The land is outside of the business district and is located near Larchmont, a residential division of the city.

In 1930 there was a general reassessment of real estate by assessors duly appointed. The record fails to disclose an approval of the assessment of the land of the defendant in error by the local board of equalization.

Alleging that the land was over-taxed, defendant in error filed her application in the corporation court, for the correction of the alleged erroneous assessment. The court, after hearing evidence, entered an order reducing the assesssment from $34,100 to $27,000. From that judgment the city has appealed.

The evidence adduced in behalf of the defendant in error consisted, in the main, of the testimony of defendant in error, T. J. Pierce and H. T. Cruser, Jr., two experienced real estate dealers. Defendant in error testified that the tract was undeveloped farm land and placed a value thereon of $23,250. Pierce valued the tract at $1,500 per acre. Cruser testified that this property had its greatest value as a subdivision, and that by expending about $15,000 on the property and selling it in small tracts it should net approximately $27,000.

On behalf of the city, three real estate experts testified that the land of defendant in error, at the time of the re-

assessment in 1930, was worth from $2,200 to $2,500 per acre.

George F. Wilkinson, president of the Norfolk Real Estate Board, was one of the assessors for the city in 1930. He testified that the assessment was based upon the "fair market value" of the land in 1930. The testimony of the other two witnesses is to the effect that the value placed upon the land by the assessors is in conformity with the relative values of adjacent lands, and reflects the market value at the date of the assessment.

Since the decision of the court in *City of Norfolk* v. *Snyder,* 161 Va. 288, 170 S. E. 721, 722, the law relative to tax assessments has become fixed. In that case Justice Gregory, delivering the opinion of the court, said:

"It has been recognized by this court that securing equality in the assessment of property has many difficulties, and that no machinery has yet been devised by which these difficulties may be fully overcome. *Rixey's Ex'rs* v. *Com.,* 125 Va. 337, 99 S. E. 573, 101 S. E. 404; and in the *State Railroad Tax Cases,* 92 U. S. 575, 612, 23 L. Ed. 663, Justice Miller said: 'Perfect equality and perfect uniformity of taxation as regards individuals or corporations, or the different classes of property subject to taxation, is a dream unrealized.'

"In Virginia it is settled law that there is a clear presumption in favor of the assessment as made by the assessors, and the burden is upon those who seek relief to show that the value as fixed is excessive or out of proportion to other like surrounding property. *Rixey's Ex'rs* v. *Com., supra; Union Tanning Co.* v. *Com.,* 123 Va. 610, 96 S. E. 780; *Pembroke Limestone Works* v. *Com.,* 139 Va. 270, 123 S. E. 334; *Thornhill Wagon Co.* v. *Com.,* 144 Va. 194, 131 S. E. 445.

"There is no statute in Virginia providing a rule by which assessors should be guided in ascertaining the fair market value of property. It is common knowledge that different persons, equally well qualified, use different methods of fixing a value on property. Some arrive at their

conclusion from a personal inspection and view of the property, and fix the value in the light of their experience in appraising the particular property or like property in the same surroundings for loans or sales, while others approach the question from technical engineering knowledge. It has been held in West Virginia that reproduction costs, with allowance for depreciation and age, may be considered. *Central Realty Co.* v. *Board of Review, etc.,* 110 W. Va. 437, 158 S. E. 537.

"The value of property is a matter of opinion, and there must necessarily be left a wide room for the exercise of opinion, otherwise courts will be converted into assessing boards, and, in assuming to act as such, would assume the powers lodged elsewhere by the lawmaking branch of government. Judge Cooley says in Cooley on Taxation, section 1612: 'Courts cannot substitute their judgment as to the valuation of property for the judgment of the duly constituted tax authorities.'

"Generally the question as to whether an applicant's property in any particular case had been assessed at more than its fair market value, or out of proportion to other like property, presents a question of fact to be decided by the assessors or the local board of equalization, and the result fairly arrived at by them should not be disturbed by the court unless the applicant has carried the burden of showing clearly that the assessment is excessive or out of proportion to that of other like property.

"In *Charleston & S. Bridge Co.* v. *Kanawha County Court,* 41 W. Va. 658, 24 S. E. 1002, 1005, the court said: '* * * If assessments are to be based upon the opinions of individuals * * * instead of being uniform and bearing equally upon property of the same character throughout the State, the assessments would be as shifting and variable as the opinions of men influenced oftentimes by local causes could possibly make them.'

"Conclusions of a board of commissioners will not be disturbed unless it appears that there has been a manifest error in the manner of making the estimate, or that evi-

dence which should be controlling has been disregarded. Cooley on Taxation, section 1618, note, page 3235."

The doctrine laid down in the *Snyder Case* was re-affirmed in an opinion delivered by Justice Holt in *City of Roanoke* v. *Gibson,* 161 Va. 342, 170 S. E. 723, and the rule that "there is a clear presumption in favor of the assessment as made by the assessors" is reiterated. To the same effect is the holding in *City of Roanoke* v. *Bray,* 161 Va. 609, 171 S. E. 927; and in *City of Norfolk* v. *Penn Mutual Life Ins. Co.,* 162 Va. 101, 173 S. E. 533.

In our opinion the evidence is insufficient to show that the assessment was erroneous, and under the ruling in *City of Norfolk* v. *Snyder, supra,* the judgment of the trial court must be reversed and the assessment set must be reinstated.

*Reversed.*