# Richmond

## T. B. GRIFFIN V. NORFOLK COUNTY.

April 28, 1938.

Present, Holt, Hudgins, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*William G. Maupin* and *J. Walter White,* for the plaintiff in error.

*A. O. Lynch,* for the defendants in error.

HOLT, J., delivered the opinion of the court.

This is a motion to correct erroneous assessments of real estate for the years 1934, 1935 and 1936. Relief was denied; hence this appeal.

The petition is quite brief but contains these recitations of facts:

|  | "No. of acres | Val. of land per acre |
|---|---|---|
| John T. Griffin estate Near West Norfolk | 110 | $125.00 |

| Value of land | Value of buildings | Total value of land and buildings |
|---|---|---|
| $13,750.00 | $1,500.00 | $15,250.00" |

The rate of taxation is not given, but nothing has been paid for three years. It was conceded in argument, however, that the requisite jurisdictional amount is involved.

This is the basis relied upon for relief:

"Petitioners allege that such lands are listed as acreage land and assessed for taxation at a valuation grossly in excess of and out of proportion to the assessed value of other acreage land generally in the same county."

From this motion, from the petition for writ of error, and from argument it appears that relief, if given at all, must be given under an act of the legislature approved March 30, 1936, Acts 1936, ch. 435, page 1032, which, in part, provides as follows:

"Any person aggrieved by the assessment of State taxes and/or local levies on lands listed as mineral lands and assessed with fictitious mineral values, for any year, or years, after the year nineteen hundred and two and prior to the year nineteen hundred and thirty-five; or by the assessment of local levies for any year, or years, after the year nineteen hundred and twenty-six and prior to the year nineteen hundred and thirty-five, on any lands listed as acreage land and assessed for taxation at a valuation grossly in excess of, and out of proportion to, the assessed value of other acreage lands generally, in the same county, or city, in the same year, or years, may, at any time prior to December thirty-first, nineteen hundred and thirty-seven, apply for relief to the circuit court of the county, or any city court of record of the city, wherein such assessment was made; and any person aggrieved by any such assessment, either upon mineral or acreage valuation, for the year nineteen hundred and thirty-five, or any year thereafter, may so apply for relief at any time within two years from the thirty-first day of December of the year in which any such assessment is made."

This act amends another act approved March 23, 1932, Acts 1932, ch. 245, p. 449. Provisions pertinent here appear in each instance.

This Griffin farm is situated on the Western Branch of Elizabeth river in the Western Branch Magisterial District of Norfolk county. The contention of petitioners is, that available water transportation once gave to this farm and to others similarly located unusual facilities for transporting their products but that improved roads which now thread the county generally have destroyed this special advantage heretofore held and have correspondingly diminished their value.

The presiding judge saw the witnesses and heard them testify. That testimony he has restated in short form and is, in part, as follows:

"The land under review is not assessed higher per acre than other like lands similarly situated in Western Branch

District of Norfolk county, but it and other lands in Western Branch District and Tanners' Creek District are assessed materially higher per acre than lands equally well adapted for general farming properties and of equal fertility in the other District of Norfolk county more remotely situated from the cities of Norfolk and Portsmouth. * * * "

The statute gives relief only where [the valuation is "grossly in excess of, and out of proportion to, other acreage lands generally, in the same county." Acts 1936, ch. 435.

The evidence in this case shows that plaintiffs' land is "assessed materially higher per acre than lands equally well adapted for general farming properties and of equal fertility in the other District of Norfolk county."

■ Argument is not needed in suport of the proposition that material discrimination is not necessarily gross discrimination. These adjectives are not synonymous as may be readily ascertained by an examination of any standard dictionary or of any dictionary of synonyms.

■■ There is nothing in the instant case to indicate to what extent assessments vary. Those who claim under a statute must measure up to its requirements. Plaintiffs must prove their case. And so we might rest the matter here.

From the assessment of 1930, there was an appeal to the Board of Equalization and some reduction was ordered, but we are not told in what amount. The values thus reached appear to have been approved by subsequent assessors. No complaint seems to have been made to the Board of Equalization or to any one else, and matters have stood unchanged. To sustain the judgment of the trial judge, we have in agreement with it that of the assessors and of the Board of Equalization.

In *City of Norfolk* v. *Holland*, 163 Va. 342, 175 S. E. 737, 738, Chief Justice Campbell quotes with approval this statement by Justice Gregory in *City of Norfolk* v. *Snyder*, 161 Va. 288, 170 S. E. 721:

■ "In Virginia it is settled law that there is a clear presumption in favor of the assessment as made by the assessors, and the burden is upon those who seek relief to show that the value as fixed is excessive or out of proportion to other like surrounding property. * * * "

■ Justice Gregory also said:

"The value of property is a matter of opinion and there must necessarily be left a wide room for the exercise of opinion, otherwise courts will be converted into assessing boards and, in assuming to act as such, would assume the powers lodged elsewhere by the law-making branch of government. Judge Cooley says in Cooley on Taxation, section 1612: 'Courts cannot substitute their judgment as to the valuation of property for the judgment of the duly constituted tax authorities.' "

■ Section 169 of our State Constitution provides that real estate shall be assessed at its fair market value, a provision sometimes honored in the breach. It would not do to assess A's farm at its fair market value and all other lands in his county at fifty per cent thereof. And so this constitutional provision is and should be read in connection with section 168, which declares that taxes shall be uniform upon the same class of property within the territorial limits of the authority levying the tax.

In *City of Roanoke* v. *Gibson,* 161 Va. 342, 170 S. E. 723, 726, we said:

"Sporadic deviations from an established rule in the case of other properties are not in themselves sufficient. A petitioner must show that the plan adopted generally was not applied to him. We look to the general situation in the taxing district."

■■ The words "taxing district" appear from time to time in our decisions, but better results follow if we take as a yard stick not the district as a whole but look to the relative value of adjacent land (*City of Norfolk* v. *Holland, supra*), or to other like surrounding properties (*City of Norfolk* v. *Snyder, supra*). Tested by this standard, we hold without hesitation that the plaintiffs have under gen-

eral law established no right to recover. Nor do they seriously challenge this conclusion but do contend that they are entitled under the act of March 30, 1936, to an abatement of their assessment.

Beyond doubt the State may impose a uniform tax and to that end may impose a uniform assessment on like properties in any county. Construing this statute as designed to meet these ends, it is beyond criticism, so long as the ends themselves are remembered.

In *Reagan* v. *Farmers' Loan & Trust Co.*, 154 U. S. 362, 390, 14 S. Ct. 1047, 38 L. Ed. 1014, the court said that a constitutional tax statute might be so administered as to work an illegal trespass upon the property rights of individuals.

"A statute may be invalid as applied to one state of facts and yet valid as applied to another." *Dahnke-Walker Milling Co.* v. *Bondurant*, 257 U. S. 282, 289, 42 S. Ct. 106, 108, 66 L. Ed. 239; *Carpel* v. *City of Richmond*, 162 Va. 833, 175 S. E. 316.

Undoubtedly the State has a right to direct its assessors to compare plaintiffs' property with other properties in Norfolk county of like kind and character. But comparisons are worse than worthless when undertaken between things which have nothing in common. Farms are intended for many purposes, and their value is not measured alone by the number of bushels of potatoes which an acre will produce. They are intended as homes, and sensible people live on them. School facilities, social advantages, their proximity to cities, healthfulness and many other imponderable influences affect their value. One located on the beautiful reaches of Norfolk rivers has little in common with another hewn out of a Dismal Swamp jungle. An owner of ridge land, suited only to sandbriers and sassafras, who applies for relief from a burdensome assessment, would be surprised if he were told to let well enough alone, and that some lands in a river bottom paid twenty times the tax charged against his own. He would say, and say properly, that they furnish no standards of comparison and

have little in common except that each is a part of the earth's surface. Comparisons, to be worth anything, should be with like adjacent properties.

With these imponderable elements of value omitted, market value can never be ascertained, nor could there be any uniform adjustment of the burdens of taxation. There is nothing to indicate that they were overlooked, either by the assessors or by the Board of Equalization.

Plaintiffs in substance contend that every acre of farm land in Norfolk county, which would produce the same number of barrels of corn or bushels of potatoes, should be assessed alike. This is not true. If the statute should be construed to lay down any such rule, it would be plainly unconstitutional. Fertility and production are elements of value and important elements, but they do not tell the whole story. Indeed, a farm might lie in a district so malarious as to make it almost untenantable, be it ever so fertile.

The conclusions which we have reached is in line with *City of Norfolk* v. *Holland, supra.* That action was instituted on September 8, 1932, and was decided on September 20, 1934. The act of 1932 was approved on March 23rd of that year. Acts 1932, ch. 245. It, for the purpose of the instant case, is but the act of 1936, Acts 1936, ch. 435, and yet under it we held that the assessment should be in conformity with the relative value of adjacent lands, although it is true that the statute in judgment does not appear there to have received any special consideration.

It should be construed in such manner as to uphold its constitutionality, if that be possible.

The same conclusion would have been reached by the trial judge had he used as a standard of values the assessments of the district or of like and adjacent property.

The judgment appealed from should be sustained, and it is so ordered.

*Affirmed.*