## Richmond

CITY OF RICHMOND v. CHESTERFIELD APARTMENT COMPANY.

April 26, 1965.

Record No. 5864.

Present, All the Justices.

*James A. Eichner, Assistant City Attorney (J. E. Drinard, City Attorney*, on brief), for the appellant.

*Robert T. Barton, Jr. (Christian, Barton, Parker, Epps & Brent*, on brief), for the appellee.

EGGLESTON, C. J., delivered the opinion of the court.

Pursuant to Code [Repl. Vol. 1959], § 58-1145, Chesterfield Apartment Company, hereinafter called Chesterfield, filed its petition in the court below praying for the correction of alleged erroneous assessments for the years 1961 and 1962 of its land and apartment building located at 900 West Franklin street in the city of Richmond. The petition alleged that for the year 1961 the assessor had assessed the land at $24,500 and the apartment building thereon at $329,000, or a total of $353,500; that the Board of Review of Real Estate Assessments had reduced the assessment on the building to $259,500, leaving the assessed value of the lot at $24,500; that in 1962 the assessor had assessed the property at the same amount fixed by the Board of Review for 1961; and that such assessments were excessive and erroneous and should be corrected.

The City of Richmond filed a cross-petition alleging that the proper assessments of the property for 1961 and 1962 should have been $350,000, $24,500 for the land and $325,500 for the apartment building, and praying that the assessment be increased to that amount.

After hearing the evidence ore tenus the lower court filed a written opinion holding that neither party had borne the burden of showing that the 1961 and 1962 assessments, as determined by the Board of Review, were erroneous. It further held that Chesterfield had not borne the burden of showing that the assessment of the property was not uniform and out of proportion to that of other like property in the city of Richmond. Accordingly, it held that the assessments should be sustained.

Thereafter Chesterfield filed an amendment to its petition, alleging that the property had been assessed in 1963 at $350,000, $24,500 for the land and $325,500 for the building; that such assessment was in excess of what the court had found to be a fair assessment for 1961 and 1962, namely $24,500 for the land and $259,500 for the building, or a total of $284,000. It prayed that the assessment for 1963 be reduced to the latter amount.

By agreement of counsel the evidence previously submitted was considered by the lower court in determining the correctness of the 1963 assessment as well as those for 1961 and 1962.

In its final decree the court, in accordance with its written opinion, denied Chesterfield's petition for a reduction of the 1961 and 1962 assessments and denied the city's cross-petition for an increase of such assessment. It granted Chesterfield's prayer for a reduction of

the 1963 assessment to $284,000, and directed a refund of $930.60, the proportionate amount of the 1963 taxes which had been paid.

From this decree the city has appealed and Chesterfield has assigned cross-error. Neither party complains of the assessment of the land at $24,500 for the years 1961, 1962 and 1963. The controversy is as to the amount at which the building should be assessed for these years. In its assignments of error the city contends that the value of the building for these years should be fixed at $325,500, while Chesterfield contends that it should be fixed at $180,000.

Chesterfield further contends that the lower court erred in holding that it had not shown that the assessment of its property was out of proportion to that of other like property in the city.

The property is located at the northwest corner of Franklin and Shafer streets. It consists of a lot fronting 80 feet on Franklin street and 153 feet and 4 inches on Shafer street, on which is erected a 7-story apartment building with a finished basement. The building is of steel and reinforced concrete construction and faced with brick. In it are 72 apartments which are serviced by a passenger and freight elevator. It was erected in 1904 and is now operated as a residential apartment, without kitchens, but having a central dining room. The apartments vary in size from two rooms and bath to three and four rooms and bath. There are a number of furnished apartments. It had a gross annual rental income of approximately $108,000 in 1961 and $114,000 in 1962.

The evidence shows that the property had been assessed for the years 1961, 1962 and 1963 at the amounts alleged in Chesterfield's pleadings.

Section 169 of the Constitution of Virginia provides that "all assessments of real estate" shall be at its "fair market value, to be ascertained as prescribed by law." Section 168 requires that "all taxes" shall be uniform upon the same class of subjects within the taxing area.

By Act of 1958, ch. 339, § 3, p. 396, a city board of review of real estate assessments "shall have and may exercise the power to review any assessment of real estate made by the assessor * * *, and to that end shall have all the powers conferred upon the said assessor * * *. Any person or any such city aggrieved by any assessment made by the assessor * * * or by the board of review may apply for relief to the corporation or hustings court of such city * * * and the procedure in such cases shall be in the manner prescribed by §§ 58-1145 to 58-1151, both inclusive, of the Code of Virginia."

Code, § 58-1145, says that in a proceeding to correct erroneous

assessments of local taxes "the burden of proof shall be upon the taxpayer to show that the property in question is assessed at more than its fair market value or that the assessment is not uniform in its application, * * *."

Similarly, when a city applies for relief to the corporation or hustings court under the provisions of the Act of 1958, ch. 339, § 3, p. 396, *supra*, as was done in the present case, the burden is on it to show that the property in question is assessed at less than its fair market value. This is so because of the "clear presumption" in favor of the correctness of the assessment as made by the assessor or the board of review. *City of Norfolk* v. *Snyder*, 161 Va. 288, 292, 170 S. E. 721; *American Viscose Corporation* v. *City of Roanoke*, 205 Va. 192, 195, 135 S. E. 2d 795, 797.

As we pointed out in *City of Norfolk* v. *Snyder, supra*, "Generally the question as to whether an applicant's property in any particular case has been assessed at more than its fair market value, or out of proportion to other like property, presents a question of fact to be decided by the assessors or the local board of equalization and the result fairly arrived at by them should not be disturbed by the court unless the applicant has carried the burden of showing clearly that the assessment is excessive or out of proportion to that of other like property." 161 Va. at 292.

In the present case witnesses for both parties agree that there are generally three accepted approaches for determining the value of property of this character: (1) market data, or comparative sales; (2) income, or capitalization of net income; and (3) reproduction cost less depreciation. Otherwise the voluminous testimony is highly conflicting.

None of the witnesses for Chesterfield had appraised the property nor did they, or any one of them, express any direct opinion as to its market value. However, they testified that in the absence of evidence of comparative sales the market value of the property should be determined by its reproduction cost less depreciation and the capitalization of its "actual and economic rental." Based on the reproduction approach, these witnesses placed the present value of the building at from $147,218 to $184,000. Adding to this the agreed value of the land, $24,500, this would place the total value of the property at from $171,718 to $208,500. Based on the income or rental approach, these witnesses placed the present value of the building at $175,000, or a total of $199,500 for the land and improvements.

Three witnesses for the city testified that, in their opinion, the 1961 market value of the property, including both land and improvements, was from $350,000 to $390,000. Deducting the agreed value of the land, $24,500, this would place the value of the building at from $325,500 to $365,500. Accordingly, it was the opinion of these witnesses that the value fixed by the Board of Review, $24,500 for the land and $259,500 for the building, or a total of $284,000 was inadequate.

The city argues that since the only direct evidence of the market value of the property came from its witnesses, who placed it at from $350,000 to $390,000, the lower court should have placed the value at least at $350,000. We do not agree. It is well settled that the weight and probative value of opinion evidence are for the trier of the facts and as a general rule such evidence is not conclusive even though it is uncontradicted. See 32 C.J.S., Evidence, § 567, p. 575; 20 Am. Jur., Evidence, § 1206, p. 1056; *Id.*, § 1208, p. 1059; *Beale* v. *King, Adm'x*, 204 Va. 443, 446, 132 S. E. 2d 476, 478.

In the case before us it was for the lower court as the trier of the facts to give this opinion evidence, and the other evidence presented, such weight as the court believed it was entitled to receive and determine whether it was sufficient to overcome the clear presumption in favor of the assessment as fixed by the Board of Review. In its written opinion and final decree the court has resolved this issue of fact in favor of the finding of the Board. We find that the evidence fully supports that conclusion.

There was much testimony on both sides as to whether the assessment of the property for 1961 and 1962 as finally determined by the Board of Review,—$24,500 for the land and $259,500 for the building, or a total of $284,000,—is uniform when compared with the assessments on similar properties in the city of Richmond. It would serve no good purpose to detail such testimony. Suffice it to say that that on behalf of Chesterfield, based on reproduction cost and income, tends to show that the assessment as fixed by the Board is much higher than the assessments on the Monroe Terrace and Prestwould, two apartment buildings in the same general neighborhood. On the other hand, the evidence on behalf of the city tends to show that the reduced assessment, as fixed by the Board, is "inequitably low" when compared with those on similar apartment buildings throughout the city.

In its written opinion the lower court found that the "cost approach" for determination of the fair market value of this building

in comparison with the value of improvements on other similar properties was "unsatisfactory and confusing." It further found that "a valuation based upon income would reflect the proper assessment," and that a comparison of the gross incomes of the Chesterfield, Monroe Terrace and Prestwould failed to show a lack of uniformity in the assessment for each for the years involved.

The court rejected without comment the city's contention that the reduced assessment as fixed by the Board of Review is inequitably low. In short, the court held that the evidence adduced by neither the property owner nor the city with respect to the lack of uniformity between the assessment of this and other like properties was sufficient to overcome the presumption in favor of the Board's finding. Upon a careful consideration of all of the evidence we agree with that conclusion.

The decree appealed from is

*Affirmed.*