# Richmond

AMERICAN VISCOSE CORPORATION v. CITY OF ROANOKE.

April 27, 1964.

Record No. 5691.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*Frank W. Rogers* and *Frank W. Rogers, Jr.* (*Woods, Rogers, Muse & Walker,* on brief), for the plaintiff in error.

*James N. Kincanon, Assistant City Attorney (Ran G. Whittle, City Attorney, on brief), for the defendant in error.*

EGGLESTON, C. J., delivered the opinion of the court.

Pursuant to Code, § 58-1145, American Viscose Corporation filed its petition in the court below praying for a correction of the 1958 assessment of certain real estate owned by it in the city of Roanoke and for the refund of taxes paid by it for the years 1959, 1960 and 1961 in excess of the amount which it claimed should have been levied under a proper assessment. In a supplemental petition certain parties who had since purchased the property joined in the prayer of the original petition.

After hearing certain evidence *ore tenus,* and the consideration of the stipulations of the parties, the lower court entered an order denying the relief prayed for and dismissing the petitions. In its dismissal order the court held that "the petitioners have not overcome the strong presumption of the correctness of the assessment of the property * * * and have not borne the burden of proof imposed upon them by § 58-1145 of the Code of Virginia." On the petition of American Viscose Corporation we awarded it a writ of error.

In its assignments of error Viscose complains that the lower court erred in: (1) Holding that petitioners had not borne the burden of proof, imposed by Code, § 58-1145, of showing that the real estate "was assessed at more than its fair market value or that the assessment was not uniform in its application;" (2) Refusing to reduce the assessment of the property from $1,664,965 to $380,000; (3) Refusing to order a correction of the erroneous assessment and a refund of the excess taxes collected as a result thereof.

The facts are not in dispute. For many years Viscose owned and operated an industrial plant in the city of Roanoke for the manufacture of rayon by a synthetic process. The plant consisted of some 40-odd buildings, including a power generating system, located on 207 acres of land.

In August, 1958 Viscose publicly announced that because the manufacture of rayon, for which the plant had been designed and used, was no longer profitable, the facility would be closed. Pursuant to this announcement, in October of the same year all operations at the plant were discontinued and the property was put on the market for sale. Vigorous efforts, through extensive advertisement and otherwise, were undertaken to sell the property. For this

purpose Viscose engaged the services of competent realtors who reported that as of May 15, 1959 they had valued the land and improvements at $6,000,000, "based on the assumption" that the property would be "put to its highest and best use."

On July 1, 1959, for the consideration of $25,000, Viscose granted to the Union Carbide Corporation a 30-day option to purchase the property and three additional small pieces of land for the sum of $4,000,000. However, because of considerations other than the stipulated price, Union Carbide elected not to exercise its option.

Viscose refused to consider the sale of the property other than as a whole. Finally it sold the entire property, on July 28, 1961, to a partnership composed of a number of corporations for the total price of $1,250,000. At the buyers' request, $950,000 of the purchase price was allocated to the value of the land and the remaining $300,-000 to the value of the personalty passing in the sale.

For tax purposes the land and improvements had been assessed by quadrennial assessments at $1,529,894 in 1950, and $1,832,629 in 1954. This represented from 30 to 40 per cent of the true value of the property. With knowledge of the discontinuance of the operation, the 1958 assessors assessed the property at $1,918,936 as of January 1, 1959. Of this amount $186,912 was allocated to the value of the land and $1,732,024 to the value of the buildings. By an order entered on March 6, 1959 the Equalization Board reduced this total assessment to $1,664,965, of which $186,912 was allocated to the value of the land and $1,478,053 to the value of the buildings.

Section 169 of the Constitution of Virginia provides that "all assessments of real estate" shall be at its "fair market value, to be ascertained as prescribed by law." Section 168 requires that "all taxes" be uniform upon the same class of subjects within the taxing area.

We have repeatedly held that the fair market value of property, as that term is here used, means "the price which it will bring when it is offered for sale by one who desires, but is not obliged, to sell it, and is bought by one who is under no necessity of having it." *Tuckahoe Woman's Club* v. *City of Richmond*, 199 Va. 734, 737, 101 S. E. 2d 571, 574; *Smith* v. *City of Covington*, 205 Va. 104, 109, 135 S. E. 2d 220, 223, decided March 9, 1964.

Code, § 58-1145, provides that in an application to a court for the correction of erroneous assessments of local levies, such as that with which we are here concerned, "the burden of proof shall be

upon the taxpayer to show that the property in question is assessed at more than its fair market value or that the assessment is not uniform in its application, * * *." This has long been the rule in this State.[1]

In *City of Norfolk* v. *Snyder*, 161 Va. 288, 291, 170 S. E. 721, we said: "In Virginia it is settled law that there is a clear presumption in favor of the assessment as made by the assessors and the burden is upon those who seek relief to show that the value as fixed is excessive or out of proportion to other like surrounding property." (Citing cases.) See also, *City of Roanoke* v. *Gibson*, 161 Va. 342, 348, 170 S. E. 723; *City of Norfolk* v. *Holland*, 163 Va. 342, 344, 175 S. E. 737; *Washington County Nat. Bank* v. *Washington County*, 176 Va. 216, 220, 10 S. E. 2d 515, 517.

Viscose argues that the usual presumption in favor of the correctness of the assessment should not apply in the present case, because, it says, the record shows that the assessment here complained of "was based on depreciated reproduction cost" of the property and that that does not satisfy the constitutional requirement that the assessment shall be at its "fair market value." We do not agree with this contention. In the first place, there is no limitation in the statutory rule of the burden of proof (Code, § 58-1145) as to how the assessors may have arrived at the fair market value of the property. Moreover, while it is true that it appears from the stipulation of the parties that depreciated reproduction cost was one of the factors considered by the assessors in arriving at the fair market value of the property, it was not the only factor. Dennis J. Donnelly, former secretary of the Equalization Board which finally fixed the value of the property at the figure complained of, testified that the board considered other factors, heard a number of witnesses, including representatives of Viscose, and made a physical inspection of the property.

Thus the issue before us—a narrow one—is whether Viscose has carried the burden of proof and shown that the property is assessed at more than its fair market value, or that the assessment is not uniform in its application. As the statute says, the burden was on Viscose to show that the assessment was erroneous, and not on the city to show that it was proper.

It is significant that not a single witness for Viscose expressed an

---

[1] The provision as to the burden of proof was incorporated in the statute as a part of the amendment to § 414 of the Tax Code by Acts of 1936, ch. 135, p. 253. Before this the same principle had been applied in a number of cases. 18 Mich. Jur., Taxation, § 70, p. 246 *ff.*; 17 Va. and W. Va. Digest (West), Taxation, § 319 (2).

opinion as to the fair market value of the property as of the effective date of the assessment complained of, January. 1, 1959. Nor was there any direct testimony that the assessment of the property at $1,664,965, the figure fixed by the Equalization Board, exceeded its fair market value. Viscose's case for overturning the assessment is based entirely upon the assumption that the sale of the property on July 28, 1961, for the sum of $950,000, is conclusive evidence of its fair market value as of January 1, 1959, the date on which the assessment became effective. Accordingly, it says, the assessment should have been reduced by the lower court to 40 per cent of this amount, or $380,000.

We may assume, without deciding, that the sale of the property, in July, 1961, was relevant evidence of its fair market value as of the date on which the assessment complained of became effective. But such sale was not conclusive evidence of its fair market value. It was merely one of the factors to be taken into consideration by the lower court in determining whether the assessment fixing the value at $1,664,965 was excessive. See *Washington County Nat. Bank v. Washington County, supra,* 176 Va., at page 222, 10 S. E. 2d, at page 518; *Skyline Swannanoa, Inc.* v. *Nelson County,* 186 Va. 878, 887, 44 S. E. 2d 437, 441. As is said in 84 C. J. S., Taxation, § 576-c, pp. 1147, 1148, "evidence of the purchase price of the assessed property while not conclusive is to be accorded substantial weight on the issue of 'fair market value.' "

In the present case, as the lower court stated in its written opinion, after taking into consideration all of the factors bearing on the fair market value of the property, it concluded that Viscose had not shown that the sale price of $950,000 "represents its fair market value." In arriving at this conclusion the court pointed out the lack of evidence as to the circumstances surrounding the sale, the owner-ship of the several corporations which united to buy the property, and what prompted them to purchase it.

One of the significant factors before the lower court was the testi-mony of Donnelly, the former secretary of the Equalization Board, to which reference has been made. Donnelly testified that after con-sidering all of the information available to it, the board fixed the total value of the land and buildings, as of January 1, 1959, at $1,664,-965. He also testified that, in his opinion, and that of the other mem-bers of the board, this figure represented "a fair equalization of the assessment" of Viscose's property as compared with other properties.

He further said that at the time this equalization assessment was made, the board was quite aware of the fact that the plant had been closed for several months.

On the whole, we find that the record fully supports the finding of the lower court that the petitioner, Viscose, has not borne the burden imposed upon it by Code, § 58-1145, of showing that the property in question is assessed at more than its fair market value or that the assessment is not uniform in its application.

Accordingly, the judgment complained of is

*Affirmed.*