# Richmond

CITY OF HARRISONBURG v. GRACE TAUBMAN, ET AL., ETC.

June 14, 1971.

Record No. 7445.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*Lawrence H. Hoover, Jr. (Lawrence H. Hoover; John A. Paul,* on brief), for plaintiff in error.

*Phillip C. Stone (W. W. Wharton; Wharton, Aldhizer & Weaver,* on brief), for defendants in error.

SNEAD, C.J., delivered the opinion of the court.

This appeal involves the assessment for tax purposes of a certain parcel of real estate with improvements thereon located on the south side of Court Square in the City of Harrisonburg. The property owners, Grace Taubman and Morton Honeyman, trustees for the benefit of Nicholas F. Taubman, petitioned the trial court pursuant to Code § 58-1145 to have corrected an alleged erroneous assessment of their property, formerly owned by the W. T. Grant Company. On July 24, 1969 evidence was presented to the trial court concerning the fair market value of the property. On September 3, 1969 the court entered an order reducing the assessment and directing a refund of the excess taxes paid on the basis of the erroneous assessment. We granted the City of Harrisonburg a writ of error.

The sole issue presented in this appeal is whether the trial court's determination of fair market value was based on sufficient evidence.

The evidence presented by the petitioners showed that in July 1966 W. T. Grant Company requested George W. Taliaferro, a Harrisonburg real estate agent with forty years of experience, to find a purchaser for the property. An extensive advertising campaign was conducted in the "Daily News Record" for approximately one year, and "For Sale" signs were placed in the windows of the store building. A number of prospects, such as representatives of Charles Store, Murphy's and Kroeger's viewed the property and exhibited interest in purchasing it.

Negotiations were had with Advance Stores Co., Inc. over a period of about eleven months in an unsuccessful effort to sell the premises for an amount exceeding $135,000. Finally, the owner and Taliaferro concluded that it would be impossible to secure an offer for more than $135,000. Prospective purchasers had expressed the opinion that it was worth no more because of the size of the building and because parking facilities were inferior to those in the two Harrisonburg Shopping centers. On September 18, 1967 the property was sold by W. T. Grant Company to Advance Stores[1] for $135,000. The evidence conclusively showed the sale was at arms length, and that no prior relationship existed between the purchaser and the seller.

George W. Taliaferro and Arthur Taubman, President of Advance Stores, testified that the fair market value of the property was $135,000.

The City contended that the land and the building thereon had an appraised value of $358,140, and an assessed value of $143,250. The assessed value was based on a forty per cent assessment ratio used uniformly by the City.

Victor J. Smith, Commissioner of Revenue for the City, testified that W. T. Grant Company purchased the land involved for $75,000 in 1954. He further said that the company constructed on the land the present commercial building at a cost of $168,003, and that the building was in an excellent state of repair. The property was appraised for taxation in 1966 by the Re-Assessment Board on the basis of $1,200 per front foot for the land and $10 per square foot for the building. These values, according to Smith, were uniform with those

[1] The record does not show when or how title to the property became vested in Grace Taubman and Morton Honeyman, trustees for the benefit of Nicholas F. Taubman.

applied to other comparable properties in the same area. He stated that the Re-Assessment Board's appraisal of $358,140 was the fair market value of the property.

Smith also testified that two recent sales of commercial properties in the same area had brought $29.33 per square foot and $22.46 per square foot respectively, whereas the subject property was sold for only $7.50 per square foot.

Paul H. Hardy, Chairman of the 1966 Re-Assessment Board, and Raymond T. Benson, Chairman of the 1967 Board of Equalization, testified that the appraisal of $358,140 was comparable to other commercial properties, and that it represented the fair market value of the property.

The City concedes that if $135,000 was the fair market value of the property the court was correct in applying the forty per cent ratio in determining the assessment value. However, the City argues that it is apparent the trial court, by fixing the fair market value of the property at $135,000, acted solely on evidence of the sale price. The City points out that the sale price is relevant evidence of fair market value, but contends that there are other factors to be considered as well. Thus the City says the court's finding of fair market value was erroneous.

Code § 58-1145 provides that the burden of proof is upon the taxpayer to prove that his property is assessed in excess of fair market value, or that the assessment is not uniform in its application. In the case at bar conflicting evidence was presented to the trial court concerning the fair market value of the property. After considering all the evidence before it, the trial court found the fair market value to be $135,000, and therefore reduced the assessment accordingly. We hold the evidence is sufficient to support the trial court's finding and we will not now disturb it.

Our conclusion is not contrary to our holding in *Viscose Corp.* v. *City of Roanoke*, 205 Va. 192, 135 S.E.2d 795 (1964). There we said *inter alia* that the sale price was not conclusive evidence of fair market value, and we adhere to that view.

The judgment appealed from is

*Affirmed.*