# CIRCUIT COURT OF SHENANDOAH COUNTY

Woodstock Associates

v.

Shenandoah County

July 8, 1997

Case No. (Chancery) 4279

BY JUDGE DENNIS L. HUPP

The petitioner, Woodstock Associates (hereinafter "Owner"), owns improved real estate in the Town of Woodstock known as Valley Vista Apartments. This is an eighty-eight unit, low-income housing facility. In 1991, the County of Shenandoah assessed the property as follows: land: $185,000.00; building: $3,629,700.00; total: $3,814,700.00. This valuation was affirmed by the Board of Equalization, and Owner appeals that decision by petition filed in this Court. Owner seeks adjustment of the assessed value to $1,750,000.00 (petition as amended).

The assessment made by the County enjoys a presumption of correctness. *American Viscose Corp. v. City of Roanoke*, 205 Va. 192 (1964); *Fruit Growers Express Co. v. City of Alexandria*, 216 Va. 602 (1976). The presumption can be rebutted upon showing of manifest error or total disregard of controlling evidence. *Arlington County Bd. v. Ginsberg*, 228 Va. 633 (1985). See also Virginia Code § 58.1-3984.

This is a difficult case because of the complexity of the factual issues and the widely divergent appraisals offered into evidence. Owner relies upon the appraisal of John G. Wheeldon who has appraised the property at $242,300.00. The County relies upon the appraisal of Michael G. Miller who has appraised the property at $3,250,000.00. I must decide the case based on the evidence presented, but I do not have to adopt any particular appraisal. *Board of Supervisors v. Donatelli & Klein*, 228 Va. 620 (1985).

In his appraisal, Mr. Miller uses three appraisal methods: cost approach, sales comparison approach, and income approach. Mr. Wheeldon contends that the cost approach is not useful in this case because of the age of the property, and Mr. Miller agrees that this should have the least weight among the three approaches taken. I agree with Mr. Wheeldon and will not address the cost approach further.

Mr. Miller uses five properties in other jurisdictions (Harrisonburg, Waynesboro, and Charlottesville) in his sales comparison analysis. Mr. Wheeldon challenges these, suggesting that they are not comparable to Valley Vista. Valley Vista is a government-regulated complex, and the others are market rate properties. Mr. Miller makes no adjustments for location, age, condition, amenities, or complex size. Mr. Wheeldon, rather than seeking his own comparables, prepared a "review appraisal" challenging Mr. Miller's appraisal. In doing so he made substantial adjustments ranging from 73.60% to 77.61%. While I find that some of his adjustments are somewhat subjective, it is fairly clear to me that these properties are not really comparable to Valley Vista. Mr. Miller has ignored some highly relevant factors in making his comparisons, thus disregarding controlling evidence. For this reason, I will give no weight to the sales comparison approach used here.

That leaves us with the income approach. In employing this appraisal method, Mr. Miller uses an estimate of gross income supplied by owner's former counsel. I am concerned over Mr. Miller's allegation that Owner refused to supply the actual figures; however, the County could have compelled the disclosure of this information, and in any event, Mr. Miller had the actual figures in time to modify his appraisal prior to the hearing. Under the estimate given him, he computed gross income to be $633,600.00 with a net operating income of $300,960.00. He then applied a capitalization rate of 9.4%. He thus determined the value for the property of $3,202,000.00. Mr. Wheeldon claims to use actual figures showing gross income of $388,331.00, operating expenses of $297,423.00, and net operating income of $90,908.00. Using a capitalization rate of 10.75%, he establishes the property value at $845,656.00 before making further adjustments for its being a government-regulated facility.

During cross-examination, Mr. Miller admitted that he was mistaken as to the capitalization rate and agreed with Mr. Wheeldon that it should be 10.75%. He also testified that the value of the real estate would be $1,426,000.00 using the actual figures and the corrected capitalization rate. His use of the estimated income and the wrong capitalization rate is sufficient error to trigger some relief for the owner. The assessor must consider actual rents. *Tysons International v. Board of Supervisors*, 241 Va. 5 (1991).

Mr. Wheeldon actually employs a fourth approach in making his appraisal, that being the investment approach. While I must decide the case on the evidence before me, I refuse to abandon my common sense. I cannot accept the suggestion that an eighty-eight unit apartment complex, whether government regulated or not, has a value of merely $242,300.00.

I do find that the Owner has carried its burden and shown that there was error in the assessment and that the assessor ignored controlling evidence. I will grant it the relief sought in the petition and set the value at $1,750,000.00 (land: $185,000.00; building: $1,565,000.00).