## CIRCUIT COURT OF SHENANDOAH COUNTY

Woodstock Associates

v.

Shenandoah County

June 19, 2003

Case Nos. (Law) CL98-131 and CL01-139

BY JUDGE DENNIS L. HUPP

The petitioner, Woodstock Associates (hereinafter "owner"), owns improved real estate in the town of Woodstock known as Valley Vista Apartments. This is an eighty-eight unit, low-income housing facility. In 1996, the County of Shenandoah valued the property for tax purposes as follows: land: $231,300.00; building: $3,431,400.00; total: $3,662,700.00. The owner claims that this valuation is erroneous and petitions this court to correct the tax assessments based thereon pursuant to Virginia Code § 58.1-3984. The owner has filed two petitions, the first bearing docket number CL98-131 pertaining to the tax years 1996, 1997, and 1998, and the second bearing docket number CL01-139 pertaining to tax years 1999 and 2000.

The assessment made by the County enjoys a presumption of correctness, *American Viscose Corp. v. City of Roanoke*, 205 Va. 192, 135 S.E.2d 795 (1964); *Fruit Growers Express Co. v. City of Alexandria*, 216 Va. 602, 221 S.E.2d 157 (1976). The presumption can be rebutted upon showing of manifest error or total disregard of controlling evidence. *Arlington County Bd. v. Ginsberg*, 228 Va. 633, 325 S.E.2d 348 (1985). See also Virginia Code § 58.1-3984.

There is some confusion surrounding the appraisal method employed by the County. In answers to interrogatories, the Shenandoah County Commissioner

of the Revenue had responded that the cost approach was used in valuing the property; however, Michael Didawick of Blue Ridge Appraisal Company, the firm that conducted the subject re-appraisal of Shenandoah County real estate, testified that a "market study" was performed and served as the basis for the valuation. He explained that this involved making a general comparison of similar types of property in the various jurisdictions in which his firm conducted appraisals for tax assessment purposes rather than making comparisons to specific properties. He further explained that the resulting value for each property was then broken down in a cost-approach format on the tax assessment cards kept and maintained by the Commissioner's Office whereby values were assigned to various aspects of the improvements. The reason for this remains unclear to me.

The owner challenges the County's appraisal because none of the three commonly-accepted methods of appraisal were used: market (sales comparison), cost less depreciation, or capitalization of income. The owner relies on the appraisal of Kenneth E. Peltzer, Ph. D., M.A.I. Dr. Peltzer rejected the sales comparison approach because of the lack of comparable sales of other government-regulated facilities, and he rejected the cost approach because of the age of this apartment complex, twenty-three years at the time of the appraisal. He then attempted to employ the capitalization of income approach; however, in the final analysis, he rejected that approach too. He specifically testified that he could not develop a capitalization rate which would work in his formula, and I took this to mean that he could not find one which would produce realistic results. He further testified that the income approach could not be used without a capitalization rate. He then opined that the raw land would be worth more without the existing improvements, and he offered his opinion that the land is worth $440,000.00 based on 88 units at $5,000.00 per unit. I remain bewildered by this testimony. First, I find it very difficult to accept that these improvements consisting of apartment buildings, common areas, and supporting facilities, have no value. Secondly, I am left to wonder as to the source of the figure proposed. I find nothing to support this in Dr. Peltzer's testimony or in his written appraisal. Nor can I discern the appraisal method used to reach this conclusion. Since, supposedly, it is a valuation of raw land, neither the cost approach nor the income approach would be applicable. That would leave the sales comparison approach, but no comparable sales were offered. Indeed, Dr. Peltzer's final conclusion as to value seems to me to be internally inconsistent in that it determines the value

of raw land by factoring in a "per unit" value of an 88-unit apartment complex which supposedly has no value.

The owner argued rather forcefully that the cost-less-depreciation approach is not an appropriate method of valuation for tax assessment purposes, suggesting that the Virginia Supreme Court had rejected it on more than one occasion. The court, however, has ruled that "the use of depreciated reproduction cost as the sole basis for determining fair market value is erroneous only where the taxing authority fails to consider other factors that plainly show such a method 'would patently lead to unfair and improper results'." (Citations omitted.) *Tidewater Psychiatric Inst. v. City of Virginia Beach*, 256 Va. 136, 142, 501 S.E.2d 761 (1998). See also *Board of Supervisors v. HCA Health Services*, 260 Va. 317, 330, 535 S.E.2d 163 (2000). While I certainly can appreciate the owner's position in view of the commissioner's interrogatory response and while this argument would be quite compelling if the county had employed the cost approach without consideration of other valuation methods, the testimony adduced at trial clearly suggests that the commissioner, for whatever reason, was mistaken. Mr. Didawick specifically testified that the cost approach was not used and explained the valuation method actually employed in this case and in Shenandoah County generally.

The owner has been persistent in arguing that the capitalization-of-income approach is the only valid method of appraising this type of property and that the County erred when it ignored this appraisal method. The owner's own expert, however, found that this method does not work for this property. The Virginia Supreme Court, as far as I can tell, has never ruled that the income approach must be used in appraising income-producing property. Indeed, by way of example, it has insisted that a recent sale of the same property be considered in determining fair market value, and this would entail a market-type analysis. *Board of Supervisors v. Donatelli & Klein*, 228 Va. 620, 325 S.E.2d 342 (1985); and *Arlington County Board v. Ginsberg*, 228 Va. 633, 325 S.E.2d 348 (1985). The Court has acknowledged that the income approach is the preferable method in appraising such property. *Arlington County Board v. Ginsberg, supra*, at 640; and *Nassif v. The Board of Supervisors*, 231 Va. 472, 484, 345 S.E.2d 520 (1986). The Court has further ruled that, if the capitalization of income method is used, then actual contract rents must be considered. *Fairfax County v. Nassif*, 223 Va. 400 (1982); and *Tysons International v. Board of Supervisors*, 241 Va. 5 (1991).

While, as mentioned above, there are three appraisal methods most commonly accepted, I do not read the Virginia Supreme Court decisions as promulgating an exclusive list and thus requiring that one of the three be used in appraising real estate for tax assessment purposes. Since the owner's expert has rejected all three of these methods here, the owner cannot be heard to complain that the County did not employ one of them. I do not believe the owner has carried its burden of showing manifest error or a total disregard of controlling evidence.

The Court will affirm the County's valuation of the property.