## BOARD OF SUPERVISORS OF FAIRFAX COUNTY, ET AL.

### v.

## TELECOMMUNICATIONS INDUSTRIES, INC.

Record No. 930073

November 5, 1993

Present: All the Justices

*Ellen F. M. Posner, Assistant County Attorney (David P. Bobzien, County Attorney*, on briefs), for appellants.

*Eric F. Schell (Kevin M. Fitzpatrick*, on brief), for appellee.

*Amicus Curiae:* Stephen D. Rosenthal, Attorney General; R. Claire Guthrie, Chief Deputy Attorney General; Mary Yancey Spencer, Deputy Attorney General; Michael K. Jackson, Senior Assistant Attorney General; Roger C. Wiley, Jr., Senior Assistant Attorney General; Barbara H. Vann, Assistant Attorney General; Cynthia W. Comer, Assistant Attorney General, on brief), in support of appellants.

*Amicus Curiae:* (Jean Marshall Crawford Clarke, on brief), in support of appellants.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether the trial court erred by reducing personal property tax assessments to reflect the fair market value of the personal property.

Telecommunications Industries, Inc. purchased two VAX 8550 computer systems manufactured by Digital Equipment Corporation at a cost of $1,240,415 in 1988. Telecommunications Industries utilized these computers to provide support for its telecommunications and telemarketing activities. The following year, Digital Equipment Corporation enhanced its VAX computer systems. These enhancements made the VAX 8550 computers that Telecommunications Industries owned technologically obsolete and, therefore, substantially reduced the fair market value of the computers.

Fairfax County, acting through its Supervisor of Assessments, Paul E. Smith, assesses tangible business personal property in Fairfax County. The County's Office of Assessments utilizes the following five-year depreciation schedule to assess business computers: 80% of the original cost the first year; 55% of the original cost the second year; 35% of the original cost the third year; 25% of the original cost the fourth year; and 20% of the original cost thereafter. The County, utilizing this uniform depreciation schedule, assessed Telecommunications Industries' VAX 8550 computers at a value of $709,921 for the tax year 1990.

Telecommunications Industries notified the County by letter that the County's tax assessment was erroneous because it did not reflect

the fair market value of the computers. Telecommunications Industries' letter included price quotations from several computer vendors stating the replacement values for the VAX 8550 computers. These replacement values were considerably less than the assessed values. The County denied Telecommunications Industries' request for a review of the 1990 assessment without requesting any additional information from Telecommunications Industries.

In 1991, the County, utilizing its depreciation schedule, assessed Telecommunications Industries' VAX 8550 computers at a value of $432,960. Telecommunications Industries again protested the County's assessment on the basis that the assessment exceeded the fair market value of the computers. The County did not change its assessment.

Telecommunications Industries filed its amended petition for relief in the Circuit Court of Fairfax County against the Board of Supervisors of Fairfax County and Smith (collectively, the County), seeking relief from the allegedly erroneous tax assessments. The County denied that the assessments were erroneous and argued that it was entitled to assess the computers at values determined by utilizing its depreciation schedule, provided the depreciation schedule treated the entire class of property, business computers within the County, uniformly.

At a trial on the merits, the trial court held that Telecommunications Industries had met its burden of rebutting the presumption of correctness of the assessments and that the property was assessed at more than its fair market value. The court entered a judgment reducing the assessed values of the computers. We awarded the County an appeal.

 Our review of the trial court's judgment is governed by several well-settled principles. The taxpayer has the burden to show either that its property is assessed at more than its fair market value or the assessment is not uniform in its application. Code § 58.1-3984; *Board of Supervisors* v. *Donatelli & Klein*, 228 Va. 620, 627, 325 S.E.2d 342, 345 (1985); *Arlington County Bd.* v. *Ginsberg*, 228 Va. 633, 640, 325 S.E.2d 348, 352 (1985). A clear presumption favors the validity of the assessment, and that presumption can be rebutted only upon a showing of manifest error or total disregard of controlling evidence. *Donatelli & Klein*, 228 Va. at 627, 325 S.E.2d at 345; *Ginsberg*, 228 Va. at 640, 325 S.E.2d at 352; *City of Richmond* v. *Gordon*, 224 Va. 103, 110, 294 S.E.2d 846, 850 (1982); *American Viscose Corp.* v. *City of Roanoke*, 205 Va. 192, 195, 135

S.E.2d 795, 797-98 (1964). Courts should be reluctant, within reasonable bounds, to change assessors' judgments because courts are not duly constituted tax authorities. *Board of Supervisors* v. *Leasco Realty, Inc.*, 221 Va. 158, 165, 267 S.E.2d 608, 612 (1980); *Richmond, F. & P. R.R.* v. *SCC*, 219 Va. 301, 313, 247 S.E.2d 408, 415 (1978).

■ If the trial court finds that a manifest error in the assessment exists, it may properly find the presumption rebutted and fix the fair market value of the property in accordance with the evidence. Code § 58.1-3987; *Donatelli & Klein*, 228 Va. at 627, 325 S.E.2d at 345; *Ginsberg*, 228 Va. at 640, 325 S.E.2d at 352. On appeal, the judgment of the trial court comes to us with a presumption of correctness that is rebuttable if the ruling is plainly wrong or without evidence to support it. *Donatelli & Klein*, 228 Va. at 627-28, 325 S.E.2d at 345; *Ginsberg*, 228 Va. at 640, 325 S.E.2d at 352. Finally, "fair market value is the price property will bring when offered for sale by a seller who desires but is not obliged to sell and bought by a buyer under no necessity of purchasing." *Donatelli & Klein*, 228 Va. at 628, 325 S.E.2d at 345. Utilizing these principles, we now consider the County's arguments.

The County argues that its application of the depreciation schedule was uniform and reasonably expected to determine actual fair market value for the entire class of computer equipment within the County as required by Code § 58.1-3503. The County also argues that because its schedule was applied uniformly, it complied with Article X, §§ 1 and 2 of the Virginia Constitution. Furthermore, the County asserted, at the bar of this Court, that even if there are taxpayers within a class who can demonstrate that the depreciation schedule does not reflect the fair market value of the assessed personal property, the County cannot depart from its schedule and will not correct the assessments. We disagree with the County's assertions.

■ Article X, § 1 of the Virginia Constitution requires that all taxes which are levied and collected under the general laws "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." The record reveals, and Telecommunications Industries concedes, that the depreciation schedule was applied uniformly. Article X, § 2 requires that tangible personal property shall be assessed at "fair market value, to be ascertained as prescribed by law."

■ These constitutional directives must be construed and read together. "The dominant purpose of these provisions is to distribute the burden of taxation, so far as is practical, evenly and equitably." *R. Cross, Inc.* v. *City of Newport News*, 217 Va. 202, 207, 228 S.E.2d 113, 117 (1976) (quoting *Skyline Swannanoa, Inc.* v. *Nelson County*, 186 Va. 878, 881, 44 S.E.2d 437, 439 (1947)); *Leasco Realty*, 221 Va. at 166, 267 S.E.2d at 613. Equal distribution of the tax burden is best achieved if a uniform method is used to assess objects, within a tax classification, at fair market value.

■ Here, the trial court found that the computers were assessed at greater than fair market value and that the disparity between the fair market value and the assessed value constituted a manifest error. Evidence adduced at trial reveals that the fair market value of the computers in 1990 was $328,000, but the County assessed the computers at $709,921. In 1991, the fair market value of the computers was $180,000, but the County assessed the computers at $432,960. We hold that the evidence of record supports the trial court's finding of manifest error.

■ It is true, as the County observes, we have held that when it is impossible to achieve both fair market value and uniformity, the preferred standard is uniformity. *Leasco Realty*, 221 Va. at 166, 267 S.E.2d at 613. However, we are not confronted with this dilemma here because there is no evidence in the record before us that suggests uniformity and fair market value are impossible to achieve. Furthermore, we have stated that "the preference for uniformity must stop short of assessment at greater than fair market value." *Donatelli & Klein*, 228 Va. at 629, 325 S.E.2d at 346.

The County also argues that the trial court erred by reducing the assessment to the property's fair market value because Code § 58.1-3503 establishes the exclusive method that local assessors must use to determine fair market value of business personal property. Code § 58.1-3503 states, in relevant part:

A. Tangible personal property is classified for valuation purposes according to the following separate categories which are not to be considered separate classes for rate purposes:

. . . .

(17) All tangible personal property employed in a trade or business other than that described in subdivisions 1 through 16

of this subsection, which shall be valued by means of a percentage or percentages of original cost.

B. Methods of valuing property may differ among the separate categories, so long as each method used is uniform within each category, is consistent with requirements of this section and may reasonably be expected to determine actual fair market value. *Nothing herein shall be construed to prevent a commissioner of revenue from taking into account the condition of the property.*

(Emphasis added).

We disagree with the County's position. Statutory constructions that make a statute unconstitutional should be avoided. *Jeffress* v. *Stith*, 241 Va. 313, 317, 402 S.E.2d 14, 16 (1991). The italicized portion of Code § 58.1-3503 would be rendered unconstitutional, in contravention of Article X, § 2 of the Virginia Constitution, were we to adopt the County's construction that this statute provides the exclusive method of reducing an assessment of particular personal property to reflect a lower market value than other property within the same class. Although the physical condition of property may affect its fair market value, technological obsolescence, as here, may also affect its fair market value. Thus, we do not construe the italicized portion of Code § 58.1-3503 as a limitation on the County's power, but simply as a clarification of the County's power to consider the physical condition of property when determining its fair market value.

Next, the County argues that "[t]he trial court erred when it found that the County failed to give adequate consideration to the opinions of value offered by [Telecommunications Industries'] expert witness because uncontroverted evidence conclusively demonstrated that such opinions were not competent opinions of value." We disagree with the County.

Alan Newman qualified as an expert witness, competent to render opinions on the valuation of VAX 8550 computers. He is president of the Newman Group, which consists of five companies. One of the companies, Newman Group Computer Services, buys and sells computers manufactured by Digital Equipment Corporation. Another company, Newman Group Financial Services, leases computers manufactured by Digital Equipment Corporation.

Newman has purchased, sold, and leased VAX 8550 computer units. He testified that he has sold approximately 30 VAX 8550 computer units over the past three years and leased at least five during that period. His companies are national leaders in terms of purchasing and reselling computers manufactured by Digital Equipment Corporation. Newman personally examined the computers which were assessed by the County, and he opined, at trial, that the fair market value of the computers in 1990 was $328,000, and the fair market value on January 1, 1991 was $180,000. His opinions were based upon his examination of the computers, his experience, knowledge, and catalogs which were admitted in evidence. Contrary to the County's assertions, his opinions were not speculative.

The County also argues "the trial court's ruling that the County did not give adequate consideration to the opinions of [Telecommunications Industries'] expert was erroneous because the evidence demonstrated that such opinions were not communicated to the County until several years after the County's assessments were made."

We do not believe that the County's argument fairly characterizes the trial court's findings. Our review of the record reveals that the evidence presented at trial showed, and the trial court found, that Telecommunications Industries notified the County by letter that it disputed the assessments. The County's Deputy Director of Assessments reviewed the letter and attachments and refused to make any adjustments in the assessments because there was no claim that the computers were damaged, defective, or nonfunctional.

Furthermore, the County did not request additional information from Telecommunications Industries and, in light of the testimony of the County's Deputy Director of Assessments, any additional information would not have been considered because the County had taken the position that its depreciation schedule would be applied uniformly, and no deviations would be made unless the property was defective, damaged, or nonfunctional. Indeed, the County's assessor testified that he would not deviate from his depreciation schedule if the property was not damaged. Undoubtedly, the trial court relied upon this testimony when it described the County's review of Telecommunications Industries' challenge to the assessments as perfunctory.

We hold that Telecommunications Industries carried its burden of rebutting the presumption of correctness of the assessment,

and that its evidence of value was not contradicted or refuted by any competent evidence. *See Smith* v. *Board of Supervisors*, 234 Va. 250, 258, 361 S.E.2d 351, 356 (1987). Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*