## CIRCUIT COURT OF FAUQUIER COUNTY

Cooper Communities, Inc.

v.

Fauquier County
Board of Supervisors et al.

February 21, 1995

Case No. (Law) CL92-378

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Application for Relief from Erroneous Assessment of Real Estate filed in December, 1990, by Cooper Communities, Inc. ("Cooper") against the Board of Supervisors of Fauquier County and Alice Jane Childs, Commissioner of Revenue of Fauquier County (collectively "the County"). On January 12, 1995, Cooper filed an Amended Bill of Particulars which narrowed its application to concern only one parcel of real estate, tax map parcel number 6962-83-0233 containing 3174.3857 acres, and the County's assessment of the land only, $13,631,900.00 or approximately $4,300.00 per acre, as of January 1, 1989.

After consideration of the evidence presented on January 19, 1995, and the evidence and argument of counsel presented on January 20, 1995, the Application is denied.

A large amount of evidence was presented at trial, and all of it has been considered by the Court. It would unnecessarily lengthen this opinion letter to recite all the evidence. This case is decided on the basis of the Court's consideration of the evidence in light of the basic controlling principles of law applicable to a proceeding to correct an erroneous tax assessment.

In this proceeding under § 58.1-3984, the burden is upon Cooper to prove that the County assessed the subject property at more than its fair

market value as of January 1, 1989. *Board of Supervisors v. Telecommunications Industries*, 246 Va. 472, 475 (1993). There is a clear presumption in favor of the validity of the assessment, and such presumption can be rebutted only upon a showing of manifest error or total disregard of controlling evidence. *City of Richmond v. Gordon*, 224 Va. 103, 110 (1982). The Virginia Supreme Court has clearly stated that courts should be reluctant, within the bounds of reason, to change the assessor's judgment because the courts are not the duly constituted tax authorities. *Board of Supervisors v. Leasco Realty, Inc.*, 221 Va. 158, 165 (1980).

Both sides offered testimony from very capable and competent expert real estate appraisers. They had different approaches to, and reasons for, their opinions. The fair market value of real estate is, by its very nature, a matter of opinion. For any given parcel of land, there is no one correct fair market value. There can, and there usually is, a difference of opinion as to the value of any parcel of land. This is how the Court views the evidence in this case.

Cooper's expert, Walter A. Robinson, Jr., testified that the subject property had, as of January 1, 1989, a highest and best use of its existing use as a "large estate" with agricultural, forestal, and limited residential uses. He did not use any potential future development and subdivision of the subject property to arrive at his opinion. The comparable sales he used to justify his opinion were sales of large acre tracts with uses similar to the subject property and which were not sold for future division into and sale of lots. He adjusted his comparable sales for timing, i.e., the date of the comparable sale in relation to January 1, 1989.

The County's expert, Edward S. Williams, III, also used a comparable sales approach in arriving at his opinion. Although his opinion of the subject property's highest and best use on January 1, 1989, may have included a component of potential future divisions, his explanation of the use of his comparable sales (he used twice as many as Robinson did) showed a primary emphasis on large acre tracts with similar uses and then adjustments for not only time, but also other factors such as location, soils, and topography.

During the course of the trial, counsel for Cooper objected to Williams' testimony about the potential for future subdivision of the subject property and the sale of subdivided lots and how he utilized this approach as a part of his determination of the fair market value. The objection was overruled. However, upon further reflection, I feel that, under the authority of *Fruit Growers v. Alexandria*, 216 Va. 602 (1976), the objections should have

been sustained. Accordingly, I reverse my ruling, sustain the objection, and disregard all such testimony from Williams. Any valuation based upon an estimate of potential income (e.g., from the sales of future subdivided lots) which might be realized from utilization of the property by the owner in a manner of which it is capable (but of which the owner has not availed himself) is generally rejected as being too uncertain and conjectural. 216 Va. at 607. One cannot value the property at the aggregate of the prices of the lots into which the subject property can be best divided because the costs associated with doing so are too speculative. Williams' use of this approach to justify his opinion is too speculative.

Sustaining the aforesaid objection and disregarding Williams' testimony about future division and sale potential does not justify a complete disregarding of his opinion testimony. As stated above, Williams has other reasons to support his opinion.

The assessments and opinions are summarized as follows:

| | |
|---|---|
| County Assessment | $13,631,900.00 or approximately $4,300.00 per acre |
| Cooper's Expert Appraiser (Robinson) | $8,729,560.00 or $2,750.00 per acre |
| County's Expert Appraiser (Williams) | $12,696,000.00 or $4,000.00 per acre |

Cooper argues that the County has admitted that the assessment exceeds the fair market value because its expert appraised the subject property for less than the County's assessment. Therefore, Cooper argues that the assessment is initially erroneous. I do not agree that it is such an admission or that it in any way is indicative of error because the County has no burden in this case. The burden of proving an erroneous assessment lies with the taxpayer, Cooper. *See, Fruit Growers*, 216 Va. at 610. The County has no burden, and the failure of the County to present evidence to prove the correctness of the assessment does not impeach it. *Shaia v. City of Richmond*, 207 Va. 885, 983 (1967).

The central issue is whether Cooper has presented sufficient evidence showing manifest error or total disregard of controlling evidence so as to rebut the presumption of validity. It is not a question of this Court's determining the fair market value as of January 1, 1989, based upon the evidence presented by both sides. It is not a question of which expert

appraiser is correct or which expert appraiser's testimony is entitled to greater weight by the Court. It is a question of whether the taxpayer's evidence rebuts the presumption of validity. In deciding this question, the Court considers the taxpayer's expert appraiser's opinion as part of the evidence presented to rebut the presumption, and it considers the County's expert appraiser's opinion in determining whether the taxpayer has rebutted the presumption.

In considering the weight to be given to the testimony of an expert witness, the Court must consider the basis of his opinion and the manner by which he arrived at it. I cannot find that the testimony of one expert appraiser is more persuasive than the other. Each side brought out legitimate points for and against the respective appraisals. I feel that because of the uniqueness of this parcel of land, i.e. unique in the sense that there is no comparable sale of a 3,174 acre parcel with the improvements on it similar to the subject property in the area south of Warrenton, the testimony of the two expert appraisers represents an honest and genuine difference of opinion as to its fair market value as of January 1, 1989.

Cooper has not shown manifest error and total disregard of controlling evidence by the County assessor. The presumption of the validity of the assessment has not been rebutted, and, therefore, has not been shown to be erroneous. Therefore, under § 58.1-3987, the Court has no authority to fix the fair market value of the subject property. *Board of Supervisors v. Donatelli & Klein*, 228 Va. 620, 627 (1985). The Court cannot change the assessment to conform to the County's expert's opinion of $4,000.00 per acre because the Court does not make the preliminary finding of an erroneous assessment before it can be corrected under § 58.1-3987.