County of Louisa,                                                    Appellant,

    against          Record No. 941859
                  S.C.C. Case No. PST 910005

Virginia Electric and Power Company, et al.,          Appellees.

Upon consideration of the record, briefs, and argument of counsel in this appeal of right from an order of the State Corporation Commission, the Court is of opinion that there is no error in the judgment appealed from.

The County of Louisa filed an application for review and correction of assessments for taxation of the value of certain public service company real property in the County for the 1991 tax year. The County argued before the Commission that the local assessment ratio, which was determined by the Virginia Department of Taxation as required by Code § 58.1-2604(A), is incorrect. The County requested that the Commission order the Department of Taxation to publish a "new local assessment ratio." Alternatively, the County sought a declaration that Code § 58.1-2604 is unconstitutional because, the County says, this statute permits the assessment of real property at a rate less than fair market value. The Commission disagreed with the County and entered an order dismissing the County's application. The County, which has standing to challenge this statute, assigns error to the Commission's order.

Code § 58.1-2604(A) states in relevant part:

> Except as otherwise provided . . . any increase in the assessed valuation of any public service corporation property in any taxing district shall be made by application of the local

assessment ratio prevailing in such taxing district for other real estate *as most recently determined and published by the Department of Taxation.*

(Emphasis added). Applying the clear and unambiguous language contained in this Code section, we hold that the Commission correctly decided that the Department of Taxation, not the Commission, is empowered to "determine and publish" the local assessment ratio, and that the Commission must apply that ratio.

Article X, §§ 1 and 2 of the Constitution of Virginia provide in relevant part:

1. All taxes shall be levied and collected under general laws and shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax.

2. All assessments of real estate and tangible personal property shall be at their fair market value, to be ascertained as prescribed by law.

Code § 58.1-2604(A) does not contravene these constitutional requirements of uniformity and fair market value. Code § 58.1-2604 merely reflects the General Assembly's intent to achieve uniformity of assessments upon real property owned by public service corporations. And, as we have repeatedly held, "when it is impossible to achieve both fair market value and uniformity, the preferred standard is uniformity." *Bd. of Sup.* v. *Telecommunications Industries*, 246 Va. 472, 477, 436 S.E.2d 442, 445 (1993); *Fairfax Co.* v. *Leasco*, 221 Va. 158, 166, 267 S.E.2d 608, 613 (1980).

Accordingly, the judgment is affirmed. The appellant shall pay to the appellees thirty dollars damages. This order shall be certified to the State Corporation Commission and shall be published in the Virginia Reports.

A Copy,

Teste:

David B. Beach,
Clerk