# CIRCUIT COURT OF THE CITY OF HOPEWELL

Honeywell International, Inc.

v.

City of Hopewell
and Debra K. Reason,
Commissioner of the Revenue

September 26, 2008

Case No. (Law) CL06-438

BY JUDGE W. ALLAN SHARRETT

On December 29, 2006, Honeywell International, Inc. ("Honeywell"), Applicant, filed a Complaint and Application for Correction of Erroneous Assessments against the City of Hopewell, Virginia ("Hopewell") and Debra K. Reason, Commissioner of the Revenue ("the Commissioner") (collectively, "the City"). Honeywell claimed that its machinery and tools tax assessments for 2002 and 2003 were erroneous. The City filed a demurrer on January 25, 2007. The Court held a hearing on the demurrer on March 23, 2007, and took the matter under advisement. For the reasons stated below, the Court overrules the City's demurrer.

## I. *Questions Presented*

(1) To what extent, if any, is the Commissioner permitted to consider independent appraisals of value, obtained by the taxpayer, in assessing fair market value of machinery and tools for purposes of taxation under Va. Code § 58.1-3507(B)?

(2) To what extent, if any, is the Court permitted to consider independent appraisals of value when remedying an erroneous assessment of value of machinery and tools for purposes of taxation under Va. Code § 58.1-3507(B)?

## II. *Short Answers*

(1) The Commissioner is permitted to consider such independent appraisals to assist her in making a factual determination of whether the property was assessed at fair market value upon a challenge by the taxpayer that it was not. However, she may not substitute the fair market value stated in an independent appraisal as the assessed value of the property, as that would violate Va. Code § 58.1-3507(B).

(2) The Court is permitted to consider such independent appraisals to assist it in determining whether an assessment by the Commissioner of Revenue was erroneous and in reducing the assessment to what, in its opinion, is the fair market value of the property involved based on Va. Code § 58.1-3987.

## III. *Summary of the Facts*

Honeywell owns and operates a manufacturing facility in Hopewell, Virginia. As such, it is subject to machinery and tools tax under Va. Code § 58.1-3507 in Hopewell, as assessed by the Commissioner.

For tax year 2002, the City assessed Honeywell for machinery and tools tax at its facility in the amount of $2,610,789.56 ("the 2002 Assessment"). This figure was based on a net original capitalized cost of $344,658,686, as reported by Honeywell on its 2002 tax return, and the resulting assessed value of $86,164,672. Honeywell timely paid the 2002 Assessment. On December 29, 2005, Honeywell applied to the City for correction of the 2002 Assessment on the grounds that the valuation of the taxable machinery and tools exceeded fair market value. Honeywell requested a refund of machinery and tools tax previously paid. The City denied Honeywell's application for correction on January 24, 2006.

For tax year 2003, the City assessed Honeywell for machinery and tools tax at its facility in the amount of $2,485,852.30 ("the 2003 Assessment"). The 2003 Assessment was based on a net original capitalized cost of $326,013,413 for the taxable machinery and tools as reported by Honeywell on its initial 2003 tax return, which resulted in an assessed value of $81,503,354. On or about May 29, 2003, Honeywell filed an amended 2003 tax return, reporting an adjusted net original capitalized cost of $122,389,247 (versus the initial statement of $326,013,413), which resulted in a revised assessed value of its machinery and tools of $30,597,312 (versus the initial assessed value of $81,503,354). Honeywell computed machinery and tools tax due for tax year 2003 of $933,218 (versus the initial 2003 Assessment of $2,485,852.30), which it timely paid. On June 26, 2003, Honeywell applied to the City for correction of the 2003 Assessment on the grounds that the valuation of the taxable machinery and tools exceeded fair market value and requested an adjustment of the 2003 Assessment in accordance with its amended 2003 tax return. On October 30, 2003, the Commissioner (Diana W. Robbins at the time) denied Honeywell's application for correction of the 2003 Assessment. On February 4, 2004, Honeywell appealed the City's denial of its application for correction of the 2003 Assessment to the State Tax Commissioner. On May 14, 2004, the State Tax Commissioner denied Honeywell's appeal.

Subsequently, Honeywell employed Standard & Poor's Corporate Value Consulting Group ("S&P") to appraise the fair market value of its machinery and tools. S&P determined that the fair market value of the machinery and tools as of January 1, 2003, was $71,854,000 (which the Court notes is *greater* than Honeywell's revised assessed value of $30,597,312 upon amendment of its 2003 tax return). On March 23, 2005, Honeywell sent a copy of S&P's appraisal to the City. In addition, Honeywell employed Duff & Phelps, L.L.C. ("D&P"), which acquired S&P in fall 2005, to prepare retroactively an appraisal of the machinery and tools at the facility on January 1, 2002. D&P's appraisal determined that the January 1, 2002, fair market value of the machinery and tools at the facility was $76,471,000 (as compared to the City's assessed value for tax year 2002 of $86,164,672.00). Honeywell provided a copy of that appraisal to the City with its December 29, 2005, application for correction of the 2002 Assessment.

IV. *Relevant Law*

The Constitution of Virginia serves as a starting point for analysis in this case. Two clauses are relevant to this action. The first is the requirement of uniformity in taxation: "All property . . . shall be taxed. All taxes shall be levied

and collected under general laws and *shall be uniform* upon the same class of subjects within the territorial limits of the authority levying the tax. . . ." Va. Const., art. X, § 1 (emphasis added). The second is the requirement that assessments for taxation purposes be at fair market value: "All assessments of . . . tangible personal property *shall be at their fair market value*, to be ascertained as prescribed by law." *Id.* at § 2 (emphasis added).

These two constitutional principles of uniformity and fair market value must be read together. "Considerations of uniformity should not be divorced from the concept of fair market value; the two constitutional principles must be read and construed together." *Board of Supervisors v. Leasco Realty, Inc.*, 221 Va. 158, 166, 267 S.E.2d 608, 613 (1980). Reading the two relevant constitutional principles together has proven no easy task for the Supreme Court of Virginia. In 1980, the Court held "if it is impractical or impossible to enforce both the standard of true value and the standard of uniformity, the latter provision is to be preferred as the just and ultimate end to be attained." *Id.* However, in 1985, the Court's priority apparently shifted from uniformity to fair market value: "[T]he preference for uniformity must stop short of assessment at greater than fair market value." *Board of Supervisors v. Donatelli & Klein, Inc.*, 228 Va. 620, 629, 325 S.E.2d 342, 346 (1985). Based on the later date of *Donatelli & Klein*, it seems logical to give fair market value priority to the extent that uniformity and fair market value cannot both be accomplished in an assessment. Furthermore, the Code mandates that the Commissioner shall assess all taxable property at fair market value. Va. Code § 58.1-3101 (2004) (applicable until January 1, 2005) ("As part of his duties, each commissioner of the revenue shall ascertain and assess, at fair market value, all subjects of taxation on his county or city on the first day of January in each year. . . .").

One type of taxable property is machinery and tools. Va. Code § 58.1-3507 (2004). "Machinery and tools . . . shall be listed and are hereby segregated as a class of tangible personal property separate from all other classes of property and shall be subject to local taxation only." *Id.* at (A). The Code explicitly states the only two methods by which machinery and tools should be valued: "Machinery and tools segregated for local taxation pursuant to subsection A . . . shall be valued by means of depreciated cost or a percentage or percentages of original total capitalized cost excluding capitalized interest." *Id.* at (B). The Commissioner in Hopewell chose to use a percentage of original total capitalized cost to determine value of machinery and tools. There is no dispute that she applied this method uniformly among all machinery and tools tax assessments in Hopewell. Effective January 1, 2007, the General Assembly amended subsection (B),

adding the following sentence: "In valuing machinery and tools, the commissioner of the revenue shall, upon the written request of the taxpayer, consider any bona fide, independent appraisal presented by the taxpayer." *Id.* (Supp. 2008).

The discussion in this memorandum reflects the state of the law at the time that Honeywell filed its complaint and application for correction of erroneous assessments. The only relevant significant change since then is this addition to Va. Code § 58.1-3507(B), effective January 1, 2007. It is important to note the change, as the issue in this case has been rendered obsolete due to the amendment. It is also significant in light of Va. Code § 58.1-3987 (2004) (discussing what a court may consider in determining fair market value), which is discussed later.

A taxpayer who believes he has been subjected to an erroneous assessment of a local levy has a statutory right to seek relief from the court of the assessing locality:

> Any person assessed with local taxes, aggrieved by any such assessment, may . . . (a) within three years from the last day of the tax year for which any such assessment is made, (b) within one year from the date of the assessment, (c) within one year from the date of the [State] Tax Commissioner's final determination under § 58.1-3703.1 A 5 or § 58.1-3983.1 D, or (d) within one year from the date of the final determination under § 58.1-3981, whichever is later, apply for relief to the circuit court. . . .

Va. Code § 58.1-3984(A) (2004). The City conceded at the hearing on the demurrer that the claims regarding both the 2002 and the 2003 Assessments are timely.

That same statute places the burden of proof on Honeywell:

> In such proceeding the burden of proof shall be upon the taxpayer to show that the property in question is valued at more than its fair market value or that the assessment is not uniform in its application, or that the assessment is otherwise invalid or illegal, but it shall not be necessary for the taxpayer to show that intentional, systematic, and willful discrimination has been made.

"A clear presumption favors the validity of the assessment, and that presumption can be rebutted only upon a showing of manifest error or total disregard of controlling evidence." *Board of Supervisors v. Telecomms. Indus.*, 246 Va. 472, 475, 436 S.E.2d 442, 444 (1993) (citations omitted).

Upon hearing all the evidence, the court must decide whether the applicant has met its burden and overcome the presumption that the locality's assessment is correct. "Courts should be reluctant, within reasonable bounds, to change assessors' judgments because courts are not duly constituted tax authorities." *Id.* at 476, 436 S.E.2d at 444 (citations omitted). However, if the court is satisfied that the assessment is erroneous, in no part due to bad faith by the applicant, "the court may order that the assessment be corrected and that the applicant be exonerated from the payment of so much as is erroneously charged, if not already paid. If the tax has been paid, the court shall order that it be refunded to the taxpayer, with interest. . . ." Va. Code § 58.1-3987 (2004).

The court has the responsibility to then reduce or increase the assessment "to what in its opinion based on the evidence is the fair market value of the property involved and shall order that the applicant pay the proper taxes [if it increases the assessment]." *Id.* The Code provides little guidance to the court as to how to go about determining fair market value:

> For the purpose of reducing or increasing the assessment and adjusting the taxes, the court shall have all the powers and duties of the authority which made the assessment complained of, as of the time when such assessment was made, and all powers and duties conferred by law upon such authority between the time such assessment was made and the time such application is heard.

*Id.*

The statute provides no specificity as to what methods to use or what instruments to consider in determining fair market value. Instead, it vests the court with the powers and duties of the Commissioner of the Revenue.

## V. *Discussion*

Honeywell argues that the application of the City's choice of method produces an impermissible result in this case under the Constitution of Virginia, which requires that all assessments of tangible personal property, of which machinery and tools is a type, be at fair market value. Honeywell also

argues that the Commissioner can consider an independent appraisal to the extent that it casts doubt upon the accuracy of the percentage of original total capitalized cost method in reaching the actual fair market value of a specific piece of property. Honeywell does not seek to have its independent appraisals substituted as a method of assessment; rather, it asserts that its appraisals are factual evidence used to demonstrate that the City assessed the property in excess of fair market value.

The City has not answered, but has filed a demurrer. It asserts three grounds on which its demurrer should be sustained: (1) The Complaint seeks to have the City and the Court determine the taxable value of Honeywell's machinery and tools using a method not authorized by law; (2) Valuing Honeywell's machinery and tools using the method advocated by Honeywell would violate the Virginia constitutional requirement of uniformity of taxation; and (3) The claim regarding the 2002 Assessment is untimely. The first two grounds are considered below[1] and address the first question presented, that is, to what extent is the Commissioner permitted to consider independent appraisals of value in assessing fair market value of machinery and tools.

### (1) Honeywell Proposes a Valuation Method That Is Not Authorized by Law

The City's first argument on demurrer is that Honeywell seeks to have the City and the Court determine the taxable value of Honeywell's machinery and tools using a method not authorized by law. As mentioned above, Va. Code § 58.1-3507(B) provides the only two valuation methods available to the Commissioner: (1) depreciated cost, or (2) a percentage or percentages of original total capitalized cost excluding capitalized interest. The City contends that Honeywell suggests that the City substitute an independent appraisal for one of the statutorily prescribed valuation methods in violation of § 58.1-3507(B).

However, Honeywell states that it does not want its appraisals to be used as a method of assessment; rather, the appraisals serve as factual evidence used to demonstrate that the property was assessed in excess of fair market value. Thus, Honeywell contends that the City is able to consider independent appraisals when an assessment is challenged.

---

[1] The City's third ground, that the claim regarding the 2002 Assessment is untimely, is no longer at issue. As previously stated, the City conceded at the hearing on the demurrer that the claims regarding both the 2002 and the 2003 Assessments are timely.

The City, at the hearing on the demurrer, stated that the Commissioner does not *have* to consider an independent appraisal, but that she *may*. The Commissioner may *consider* independent appraisals in conjunction with one of the two acceptable methods, but she cannot *base* her assessment on them. In other words, she cannot use or substitute the fair market value stated in an independent appraisal for her assessed value for the property.

The parties are not in disagreement here. Honeywell does not want the City to substitute an independent appraisal value for its valuation methods, and the City says it cannot under § 58.1-3507(B). Honeywell asks that the Commissioner consider independent appraisals as factual evidence to demonstrate that the property was assessed in excess of fair market value, and the City says it may consider independent appraisals and in fact did in this case.

The law behind the Commissioner's ability to even consider independent appraisals was discussed at length in the hearing on the demurrer and thus will be addressed here, despite the fact that the parties are not at odds on this issue. The parties discussed three persuasive sources: (1) an Attorney General ("AG") opinion dated January 29, 1985; (2) an Attorney General opinion dated September 20, 1988; and (3) a ruling of the State Tax Commissioner dated August 3, 2005.

The 1985 AG opinion states that, under Va. Code § 58.1-3503, the commissioner of the revenue must uniformly assess tangible personal property employed in a trade or business by the percentage of original cost method. "A value produced by a different method cannot be considered, so long as the percentage of cost method may reasonably be expected to determine fair market value." 84-85 Va. AG 371, 371 (1985). Under subsection (B), the commissioner may take into consideration the condition of the property where a specific piece of property is in better or worse condition than would ordinarily be expected to result from normal usage. The Attorney General concludes:

> A private appraisal may be considered to the extent that it casts doubt upon the accuracy of the percentage of cost method in reaching the actual fair market value of a specific piece of property. For example, where there is a wide disparity between the value of certain property as established in a private appraisal and the value obtained by the percentage of cost method, the commissioner of the revenue may consider the condition of the property and adjust the assessed value up or down if the condition of the property warrants such an adjustment. Whether

an assessment based on the percentage of original cost of the property reflects the actual fair market value of the property is, however, a factual determination to be made by the commissioner of the revenue.

*Id.* at 372.

The instant case deals with Va. Code § 58.1-3507, not § 58.1-3503; however, § 58.1-3503 provides for taxation of tangible personal property, and machinery and tools are a type of tangible personal property according to § 58.1-3507. Therefore, the 1985 AG opinion applies by analogy.

Next, the parties considered an AG opinion dated September 20, 1988. 87-88 Va. AG 578 (1988). This opinion also considers tangible personal property taxation under § 58.1-3503. The AG writes that "[t]he commissioner of the revenue may not . . . rely solely upon an appraisal provided by the taxpayer." *Id.* at 580. Again, while *Honeywell* deals with § 58.1-3507, the conclusions apply by analogy given that machinery and tools are types of tangible personal property.

Lastly, the parties discussed a ruling of the State Tax Commissioner, Document 05-129, dated August 3, 2005. This document is a final determination in response to the taxpayer's appeal of the locality's assessment of its machinery and tools. The taxpayer contended that the county was not prohibited by statute or previous rulings from considering appraisals, when such appraisals reveal that property is assessed at above fair market value. The State Tax Commissioner wrote, based on the 1985 AG opinion, that localities may consider a private appraisal in deciding what method to use in valuing a particular property. He concludes that the methods stated under Va. Code § 58.1-3507(B) "do not preclude [a locality] from considering an independent appraisal or other evidence of fair market value in an appeal of a machinery and tools tax assessment to demonstrate that the property was assessed above its fair market value." Thus, a locality may consider an independent appraisal and other evidence offered by the taxpayer to determine if the locality's assessments for the property in dispute reflect fair market value.

*(2) Changing Honeywell's Machinery and Tools Assessment Would Violate the Uniformity Requirement*

The City expressed concern at the hearing on the demurrer that, if it were to change the methodology and the way it taxes one taxpayer, then it may be in violation of the uniformity of taxation requirement. Va. Const., art. X,

§ 1. Honeywell disagrees. Neither party briefed this issue in depth in preparation for the demurrer, but it is nonetheless important and is discussed below.

In *Board of Supervisors v. Telecommunications Industries, Inc.*, 246 Va. 472, 436 S.E.2d 442 (1993), the Court considered Va. Code § 58.1-3503 regarding taxation of tangible personal property. The taxpayer purchased computers in one year, and, in the next, the seller made significant improvements to that model. As a result, the taxpayer's computers were rendered obsolete and their fair market value was substantially reduced. Fairfax County assessed tangible business personal property tax against the computers, and the taxpayer argued that the assessment was erroneous due to its failure to reflect fair market value. The County argued that (1) its assessments were not erroneous; (2) it was entitled to assess the computers at values determined by utilizing its depreciation schedule, provided the depreciation schedule treated the entire class of property uniformly; (3) its application of the depreciation schedule was uniform and reasonably expected to determine actual fair market value for the entire class of computer equipment within the County; (4) because its schedule was applied uniformly, it complied with the uniformity and fair market value requirements of the Constitution of Virginia; and (5) even if there are taxpayers within a class who can demonstrate that the depreciation schedule does not reflect the fair market value of the assessed personal property, the County cannot depart from its schedule and would not correct the assessments. *Id.* at 475-76, 436 S.E.2d at 444.

The Court disagreed with the County and held that the evidence on the record supported the trial court's finding of manifest error based on the disparity between the fair market value and the assessed value. *Id.* at 477, 436 S.E.2d at 445. The Court stated that "the preference for uniformity must stop short of assessment at greater than fair market value." *Id.* (quoting *Board of Supervisors v. Donatelli & Klein, Inc.*, 228 Va. 620, 629, 325 S.E.2d 342, 346 (1985)). Thus, the Court held that Va. Code § 58.1-3503 does not provide "the exclusive method of reducing an assessment of particular personal property to reflect a lower market value than other property within the same class." *Id.* at 478, 436 S.E.2d at 445. Thus, uniformity must fall in favor of fair market value, and to use another method of valuation to reach fair market value for a particular taxpayer does not violate uniformity. While *Telecommunications Industries* concerned Va. Code § 58.1-3503 and not § 58.1-3507, machinery and tools is a type of tangible personal property tax and the case applies by analogy.

The State Tax Commissioner considered *Telecommunications Industries* in its August 3, 2005, final determination of a machinery and tools assessment appeal. In this ruling, the State Tax Commissioner wrote that he disagreed with the county's assertion that, because the independent appraiser's methodology violates the methodologies prescribed by statute, the county could not consider the appraisal in its decision. His disagreement was founded on *Telecommunications Industries*. The State Tax Commissioner concluded that, "[w]hen the method a locality employs for machinery and tools results in manifest error, the local assessing officer has the authority to employ one of the other methods to better approximate fair market value." Thus, adjusting an assessment after a challenge by a taxpayer is not in violation of the uniformity requirement under the Constitution of Virginia or of Va. Code § 58.1-3507.

In addition, common sense says that, if every taxpayer subject to machinery and tools tax was subject to the same method of assessment, and then every taxpayer had an equal opportunity to challenge the fair market value of the assessment, then this would satisfy the uniformity requirement. Every taxpayer would be subject to the same initial valuation method and would have access to the same appeal procedure.

Based on the foregoing discussion, the Commissioner is permitted to consider such independent appraisals to assist her in making a factual determination of whether the property was assessed at fair market value upon a challenge by the taxpayer that it was not. However, she may not substitute the fair market value stated in an independent appraisal as the assessed value of the property, as that would violate Va. Code § 58.1-3507(B).

The second question presented asks to what extent the Court is permitted to consider independent appraisals of value for purposes of remedying an erroneous machinery and tools assessment under Va. Code § 58.1-3507(B). Section 58.1-3987 states that, upon finding that the taxpayer has met its burden in proving an erroneous assessment, the court then has the responsibility to reduce or increase the assessment "to what in its opinion based on the evidence is the fair market value of the property involved." Va. Code § 58.1-3987 (2004). The statute states with no specificity how the court is to make a determination of fair market value. It broadly vests the court with the powers and duties of the Commissioner as of the time when such assessment was made and all powers and duties conferred upon the Commissioner between the time such assessment was made and the time such application is heard. *Id.*

The discussion in the previous section concluded that the Commissioner is permitted to consider independent appraisals to assist her in making a factual determination of whether the property was assessed at fair

market value upon a challenge by the taxpayer that it was not. However, she may not substitute the fair market value stated in an independent appraisal as the assessed value of the property, as that would violate Va. Code § 58.1-3507(B). Thus, under Va. Code § 58.1-3987, the Court in this case would have the same power. This reflects the Commissioner's powers at the time when the assessment was made, that is, in 2002 and 2003.

However, the Court's powers in this case do not end there. Effective January 1, 2007, the General Assembly amended Va. Code § 58.1-3507(B), adding the following sentence: "In valuing machinery and tools, the commissioner of the revenue shall, upon the written request of the taxpayer, consider any bona fide, independent appraisal presented by the taxpayer." Va. Code § 58.1-3507(B) (Supp. 2008). This is a duty imposed on the Commissioner between the time the initial assessments were made and the time such application was heard. The Code vests the Court not only with the Commissioner's powers and duties as of the time of assessment, but also with "all powers and duties conferred by law upon such authority between the time such assessment was made and the time such application is heard." Va. Code § 58.1-3987 (2004). Thus, the Court in this case has not only the power, but also the duty, to review independent appraisals.

Furthermore, independent appraisals inevitably will be a part of the evidence introduced at trial. There are few ways for a challenging taxpayer to prove that an assessment does not reflect fair market value other than by independent appraisal. Under Va. Code § 58.1-3987, the Court, upon finding that the taxpayer has met its burden in proving an erroneous assessment, must amend the assessment to what in its opinion *based on the evidence* is the fair market value of the property involved. As a result, the court will have to consider independent appraisals submitted by the appealing taxpayer.

## VI. *Conclusion*

In sum, the Commissioner is permitted to consider independent appraisals submitted by Honeywell to assist her in making a factual determination of whether the property was assessed at fair market value. However, she may not substitute the fair market value stated in an independent appraisal for her assessed value. Consideration of independent appraisals does not violate the uniformity requirement under the Virginia Constitution. The Court is also permitted to consider independent appraisals in determining whether the assessment was erroneous and in amending the assessment if it finds that Honeywell has met its burden. In light of these findings and conclusions, the demurrer is overruled. It is so ordered.